UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                            **MEMORANDUM AND ORDER**
v.                             20-CR-293-7 (WFK)

JEAN FREMONT,

           Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Defendant Jean Fremont ("Defendant") seeks to (1) preclude the government's witnesses from interpreting evidence derived from phones or social media accounts associated with him and the Defendants in this case; and (2) preclude the admission of his prior bad acts.[1] *See* Mot. in Limine, ECF Nos. 319, 326. The Court denied the motion on October 12, 2022. This Memorandum and Order sets forth the reasons for that decision.

## BACKGROUND

The Court assumes the parties' familiarity with the facts as articulated in the Court's September 14, 2022 Memorandum and Order. *See* ECF No. 330.

## DISCUSSION

### I.    Interpretation Evidence

Defendant first seeks to preclude the Government's witnesses from interpreting evidence derived from phones or social media accounts associated with him or the other Defendants. *See* Mot. in Limine at 1-2. This request is moot because the Government states it does not intend to call such witnesses. Gov't Repl. at 2-3, ECF No. 367. To the extent the Government seeks to solicit testimony about the meaning or significance of certain terminology or symbols, the Government states such testimony will be introduced by fact witnesses who will testify about

---

[1] The motion was initially filed by Defendant McKoy Lima, who has since pleaded guilty. *See* Sept. 19, 2022 Minute Entry. On September 12, 2022, Defendant joined Defendant Lima's motion in limine. *See* Sept. 12, 2022 Ltr., ECF No. 326.

1

their own personal understanding of gang terminology. *Id.* Defendant's motion is therefore denied as to this request.

## II.   Prior Bad Acts

Defendant also seeks to preclude the Government from introducing evidence of Defendant's involvement in other bad acts. Mot. in Limine at 1. This request is governed, in part, by Rule 404(b) of the Federal Rules of Evidence, which permits evidence of prior bad acts for "any other purpose" other than to show a defendant's character or propensity. Fed. R. Evid. 404(b)(1)-(2); *see United States v. McCallum*, 584 F.3d 471, 474-75 (2d Cir. 2009). Under the Second Circuit's "inclusionary approach" to Rule 404(b), evidence of other bad acts is admissible as long as it is not offered to show propensity. *United States v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984); *see United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002).

It is also well-settled that when a defendant is charged with racketeering, such as here, the Government may introduce direct evidence of prior bad acts—including "evidence of uncharged offenses"—to establish the existence and nature of the enterprise. *United States v. Baez*, 349 F.3d 90, 93 (2d Cir. 2003). Likewise, where the indictment charges the existence of a conspiracy, "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy" is considered "part of the very act charged." *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999); *see United States v. Thai*, 29 F.3d 785, 813 (2d Cir. 1994) (explaining that uncharged acts may be admissible in conspiracy cases as direct evidence of the conspiracy). This includes evidence that show the commission of crimes to increase a defendant's position in a RICO enterprise, which demonstrates motive for the offense. *See Thai*, 29 F.3d at 817-18; *see also United States v. Payne*, 591 F.3d 46, 63 (2d Cir. 2010) ("[T]he motive requirement is satisfied if the jury could properly infer that the defendant committed his violent crime because he knew it

2

was expected of him by reason of his membership in the enterprise or that he committed in furtherance of that membership.") (citation omitted). And it includes prior bad act evidence that "inform[s] the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *Diaz*, 186 F.3d at 79.

Here, the Government seeks to introduce evidence of criminal acts committed by GD members and associates, including drug trafficking, firearms possession, fraud, and trafficking in counterfeit currency and violence, related to their gang membership. Gov't Repl. at 2. This evidence is not only admissible as evidence of the crimes that Defendant is charged with, but also admissible to show the existence and nature of the alleged enterprise and the relationships among the members and associates of GD who are engaged in these activities together. *See United States v. Delligatti*, No. 15 Cr. 491 (KBF), 2018 U.S. Dist. LEXIS 29623, at *20-21 (S.D.N.Y. Feb. 23, 2018) (Forrest, J.). Likewise, evidence that Defendants possessed firearms is also relevant to show Defendants had access to firearms and to corroborate the Government's case that Defendants were members and associates of GD, a violent enterprise. These purposes are separate and distinct from evidence that show propensity and character and are also admissible under Rule 404(b). Moreover, any prejudicial effect of this evidence is outweighed by their probative value. The Court thus denies Defendant's motion.

## CONCLUSION

For the reasons above, the Court denied Defendant's motion in limine.

3

SO ORDERED.

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2022
      Brooklyn, New York